IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
JONATHAN RUBIN,                                        :
on behalf of plaintiff and a class,                    :
                                                       :
                    Plaintiff,                         :
                                                       :
          vs.                                          :
                                                       :
MONTEFIORE MEDICAL CENTER,                             :
a New York corporation,                                :
                                                       :
                    Defendant.                         :
-------------------------------------------------------x
```

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Jonathan Rubin brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Montefiore Medical Center, a New York corporation. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## **VENUE AND JURISDICTION**

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant is headquartered within this District.

## **PARTIES**

9. Plaintiff Jonathan Rubin is an individual who resides in New York County, New York.

10. Defendant Montefiore Medical Center is a New York corporation. Its principal place of business is 111 East 210th Street, Bronx, New York, 10467.

## FACTS

11. Defendant has been attempting to collect from plaintiff a medical bill for services it asserts were provided in May 2018.

12. In October 2018, plaintiff received the letter attached as Exhibit A, purporting to come from "Tele-Computer Systems."

13. Exhibit A purports to come from a third-party debt collector.  The only reference

    a. The letter states that the balances "are related to services provided by Montefiore Medical Center and its providers," as if they were persons other than the author of the letter; and

    b. The letter asks that payment be made out to Montefiore.

14. Plaintiff believed that he had received a letter from a debt collector, and was misled.

15. In fact, Exhibit A comes from the Health Service Receivables Department of Montefiore Medical Center.

16. Exhibit B is a copy of Montefiore's policies and practices, showing that calls purporting to come from "Tele-Computer Systems" are in fact made by Health Services Receivables employees.

17. The purpose and effect of letters in the form of Exhibit A is to make it appear as if a bill has been placed with a third party collection agency, when that is not the case.

18. Calls to the telephone number 347-577-4960, which is the only telephone number on Exhibit A, are answered by a recording stating that the caller has reached the "business office at Montefiore."  The recording invites the caller to use an automated

payment system, providing for the making of payments using a debit or credit card. Alternatively, the caller can speak with a live representative.

19. There is no entity called "Tele-Computer Systems" chartered or authorized to do business in New York.

20. Exhibit A is the first letter plaintiff received from "Tele-Computer Systems" regarding the alleged debt described therein.

21. Exhibit A is a form letter.

22. On information and belief, a form letter in the form represented by Exhibit A is sent or caused to be sent by Montefiore on all accounts unpaid for 45 days.  (Exhibit B, paragraph 2)

## COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22.

24. By sending or having letters sent using the fictitious name "Tele-Computer Systems" for the purpose of inducing persons to call its automated payment number, Montefiore:

    a. Is treated as a "debt collector" subject to the FDCPA pursuant to the provision in 15 U.S.C. §1692a(6) that **"Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term ['debt collector'] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."**

    b. Violated 15 U.S.C. §§1692e, 1692e(10), and 1692e(14) by using

        misleading letters which purport to come from a third party debt collector and use the name "Tele-Computer Systems" instead of "Montefiore."

    c.    Violated 15 U.S.C. §§1692e(11) and 1692g by failing to make the disclosures required by those provisions.

25.    Section 1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**
>
> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

26.    Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

> **(1) the amount of the debt;**

>    **(2)** the name of the creditor to whom the debt is owed;
>
>    **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>    **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>    **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) Notice provisions.** The sending or delivery of any form or notice which

**does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

27. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

28. The class consists of (a) all individuals (b) who were sent a letter in the form represented by Exhibit A (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

29. On information and belief, based on defendant's size, the class is so numerous that joinder of all members is not practicable. Montefiore reports bad debt expense of more than $40 million per year. (Exhibit C) Even at $10,000 per debt, that is 4,000 accounts.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a. Whether sending Exhibit A subjects Montefiore to the FDCPA under the "false name" provision of 15 U.S.C. §1692a(6).

      b. Whether Exhibit A violates the FDCPA.

31. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the class members. Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.

33. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

        s/Abraham Kleinman
        Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

        s/Tiffany N. Hardy
        Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                                                     s/Abraham Kleinman
                                                                                    Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

                                                                                 s/Tiffany N. Hardy
                                                                                 Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35537\Pleading\Complaint_Pleading.WPD