USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JONATHAN RUBIN,

                             Plaintiff,

    -against-

MONTEFIORE MEDICAL
CENTER,

                             Defendant.
---------------------------------------------------------------

18cv11066 (AT) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      This case, brought under the Fair Debt Collection Practices Act (the "FDCPA"), has been referred to this Court for general pretrial supervision. Although the parties have now moved to the summary judgment stage, one discovery dispute remains before this Court for resolution. Specifically, plaintiff Jonathan Rubin ("Plaintiff") has requested that this Court compel defendant Montefiore Medical Center ("Defendant") to produce documents and an interrogatory response related to "any style guide, trademark, or trade name requirements for [Defendant's] communications." (Dkt. 30, at 1-2.)

      Plaintiff argues that this information is relevant to his FDCPA claim, for which he must show, *inter alia*, that the hypothetical "least sophisticated consumer" who received certain billing-related communications from Defendant would have come away from those communications with "the false impression that a third party was collecting the debt." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (internal quotation marks and citation omitted). More precisely, Plaintiff argues that documents such as a "style guide" would show that Defendant deliberately designed its billing communications so that they would not resemble its typical branding and trademark, and therefore that Defendant intentionally misled consumers to

believe that the communications were being sent by an unaffiliated debt-collection service. (Dkt. 30, at 3.) In response, Defendant contends that its intention with respect to the design of its billing communications is not relevant to Plaintiff's claim as a matter of law, because the "least sophisticated consumer" test employs an objective standard and does not consider the intent of the drafter. (*Id.*, at 4.) On July 22, 2019, the Court directed Plaintiff to submit legal authority to support his position that Defendant's intent is relevant to his claim. (Dkt. 34.) The following day, Plaintiff filed a letter citing cases and other authorities for the propositions that intent is relevant in trademark-infringement cases and that trademark law is analogous to his FDCPA claim in this action. (Dkt. 35.)

This Court is not persuaded that the trademark-law standards cited by Plaintiff are applicable to FDCPA cases, and it is abundantly clear that the FDCPA's "least sophisticated consumer" test is an objective one, under which a plaintiff need not demonstrate intent. *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 256 (S.D.N.Y. 2011); *see also Vincent*, 736 F.3d at 97. The Court notes, however, that Defendant has raised an affirmative defense under 15 U.S.C. § 1692k(c). (Dkt. 14, at 5 ¶ 4.) That subsection of the FDCPA is entitled "Intent" and states, "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error." 15 U.S.C. § 1692k(c). Although this affirmative defense does not appear to be at issue in the parties' now-pending summary judgment arguments (*see* Dkts. 51, 53, 55), the question before this Court is whether the discovery sought by Plaintiff is "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). Defendant's intent is demonstrably relevant to its affirmative defense.

2

Furthermore, the Court is not convinced that the discovery sought by Plaintiff is unduly burdensome. Contrary to Defendant's assertion that complying with Plaintiff's requests would require Defendant to "search for any documents that *reference* style or trademark manuals" (Dkt. 30, at 5 (emphasis added)), Plaintiff's document demand, in fact, only seeks documents that "set forth" a style guide or related trade-name requirements (*id.*, at 2). The Court does not interpret that demand as calling for a review of documents that merely "reference" the design of Defendant's billing communications.

Accordingly, Defendant is directed to produce to Plaintiff all documents and information responsive to Plaintiff's Interrogatory No. 9 and Request for Production No. 8 (*see id.*, at 1-2) no later than 30 days from the date of this Order.

Dated: New York, New York
December 4, 2019

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

3