USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN RUBIN, on behalf of plaintiff and a class,

                Plaintiff,

-against-

MONTEFIORE MEDICAL CENTER, a New York corporation,

                Defendant.

18 Civ. 11066 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On September 12, 2019, Defendant filed a motion for summary judgment. ECF No. 50. Although the summary judgment motion was fully briefed on October 15, 2019, *see* ECF Nos. 53, 55, one discovery dispute remained before the Honorable Debra C. Freeman. Plaintiff had requested that the Court compel Defendant to produce documents and an interrogatory response related to "any style, guide, trademark, or trade name requirements for [Defendant's] communications." ECF No. 30 at 1–2.

    On December 4, 2019, Judge Freeman granted Plaintiff's motion, and directed Defendant to produce responsive documents and information. December 4, 2019 Order at 3, ECF No. 56. The question before Judge Freeman was whether the discovery sought by Plaintiff was "relevant to any party's claim or defense and proportional to the needs of the case." *Id.* at 2 (quoting Federal Rule of Civil Procedure 26(b)(1). Judge Freeman rejected Plaintiff's argument that the discovery requested was relevant to his Fair Debt Collection Practices Act ("FDCPA") claim, *id.* at 2, because the "least sophisticated consumer" test is an objective one, "under which a plaintiff need not demonstrate intent," *id.* Judge Freeman, however, concluded that Defendant had raised an affirmative defense, which does relate to a party's intent, and that the discovery requested was relevant to the affirmative defense. *Id.* Judge Freeman noted that this affirmative defense did not appear to be at issue in the parties' summary judgment arguments. *Id.* at 2.

    On December 30, 2019, Plaintiff moved to supplement his response to Defendant's motion for summary judgment with Defendant's brand design guide, the document produced pursuant to the December 4, 2019 Order. Motion at 1, ECF No. 57-1. Defendant opposed, arguing that the brand design guide is not relevant to the pending summary judgment motion. Def. Opp. at 1, ECF No. 59. In the alternative, were the Court to allow Plaintiff to supplement the record, Defendant asks that the document remain sealed. *Id.* at 2.

    "The decision to permit a party to file supplemental submissions is within the Court's discretion." *In re Repetitive Stress Injury Litig.*, 165 F.R.D. 367, 371 (E.D.N.Y. 1996). "As a general proposition, that discretion should be exercised in favor of granting such permission, lest the mechanics of motion practice be elevated over substance." *Id.* Here, Plaintiff seeks to supplement its motion with information that they did not have at the time their response was filed. Whether that

information is relevant to Defendant's motion for summary judgment is a decision this Court can make when adjudicating Defendant's motion. Allowing a supplemental response to Defendant's summary judgment motion will provide Plaintiff, the non-moving party, with a full opportunity to be heard on the substance of his claims. Plaintiff's motion, therefore, is GRANTED.

It is further ORDERED that the brand design guide shall remain under seal. Documents submitted to a court for its consideration in a summary judgment motion are—as matter of law—judicial documents to which strong presumption of access attaches, under both common law and First Amendment. *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019). "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* (internal quotation marks and citation omitted). Here, Defendant asserts that the brand design guide contains sensitive and competitive information regarding Defendant's branding and marketing strategies and that "[s]hould such information become public it could be used by competing hospital systems to harm competitive edge, which would harm [Defendant's] business." Def. Opp. at 2. Given the question of whether the brand design guide is relevant to Plaintiff's claim, the potential harm disclosing this information could have to Defendant, and that no other exhibits in connection to the summary judgment motion are under seal, the Court finds that continued sealing is appropriate under these circumstances.

Accordingly, by **March 16, 2020**, Plaintiff shall file his supplemental response, not to exceed 10 pages. If Plaintiff refiles the brand design guideline as an exhibit to his response, he shall do so under seal. By **March 30, 2020**, Defendant shall file its response, not to exceed 10 pages.

SO ORDERED.

Dated: February 28, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge